**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Case No. 12-cv-01401-CMA

JAMES ARLEN CHILDS,

    Applicant,

v.

TOM CLEMENTS, Executive Director, DOC,

    Respondent.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1) ("the Application"), filed *pro se* by Applicant, James Arlen Childs. On June 22, 2012, Respondent was ordered to show cause why the Application should not be granted. Respondent has filed a Return on Writ of Habeas Corpus ("the Return") (Doc. #15) and Mr. Childs has filed a Reply to Answer to Show Cause Order ("the Reply") (Doc. #16). After reviewing the pertinent portions of the record in this case including the Application, the Return, and the Reply, the Court concludes that the Application should be denied.

**I. BACKGROUND**

Mr. Childs is a prisoner in the custody of the Colorado Department of Corrections ("DOC") and he currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Childs is serving consecutive sentences of sixteen and thirty-two years in prison pursuant to convictions for first degree sexual assault and second degree

burglary in the Denver District Court. (*See* Doc. #1 at 2, 14; Doc. #15-1.) According to Respondent, Mr. Childs became eligible for parole in 2009 and he first appeared before the Colorado Parole Board in May of that year. Mr. Childs has been denied release on parole each year since 2009. (*See* Doc. ##15-2 thru 15-6.) Most recently, Mr. Childs was denied release on parole on May 7, 2012, and his parole application was deferred until May 2013. (*See* Doc. #15-6.) The Colorado Parole Board notice of action dated May 7, 2012, indicates that Mr. Childs' risk assessment score was medium and the following specific risk considerations are checked: severity/circumstances of offense, violence, and sexual violence. (*See id.*)

Mr. Childs asserts two claims for relief in the Application that are vague and difficult to understand. He first claims that his constitutional right to due process has been violated because the written reasons of the parole board for "denying and deferring his release from custody on parole do[] not comport with the statutory duties and [sex offender treatment] is not a prerequisite for release on parole governed by a longer non-discretionary sex offense sentence under the governing sentence rule and applicable parole statutes to which he is entitled." (Doc. #1 at 4.) There is no indication in the parole board's notice of action dated May 7, 2012, that Mr. Childs was denied release on parole due to a failure to participate in sex offender treatment. However, the Court notes that a need for sex offender treatment was listed as one of the reasons for denying Mr. Childs release on parole in 2010 and 2011. (*See* Doc. ##15-3 & 15-4.)

The second claim Mr. Childs asserts in the Application is an equal protection claim. Although the Application itself is devoid of any factual allegations that might support a constitutional equal protection claim, Mr. Childs argues in the Reply that he

has been treated differently than other inmates serving sentences for multiple crimes and he specifically cites the case of *Thiret v. Kautzky*, 792 P.2d 801 (Colo. 1990), in support of the equal protection argument. (*See* Doc. #16 at 8-9.)

## II.  STANDARD OF REVIEW

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  Habeas corpus relief is warranted only if Mr. Childs "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The Court must construe Mr. Childs' claims and arguments liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

## III.  DISCUSSION

Before considering the merits of his claims, the Court will address two arguments Mr. Childs makes in the Reply.  He first contends that the Return was not filed in a timely manner.  The Court disagrees.  As directed, the Return was filed within twenty-one days after Respondent was ordered to show cause on June 22, 2012.

Mr. Childs next contends that any defenses Respondent did not raise in the Preliminary Response (Doc. # 9) filed on June 20, 2012, are waived.  By way of background, during the initial review of this action Magistrate Judge Boyd N. Boland

ordered Respondent to file a preliminary response limited to addressing the affirmative defenses of timeliness and exhaustion of state remedies if Respondent intended to raise either affirmative defense in this action.  (*See* Doc. # 5.)  Magistrate Judge Boland's order to file a preliminary response expressly stated that Respondent may not "otherwise address the merits of [Mr. Childs'] claims."  (*Id.* at 2.)  Because Respondent was directed to address only two specified affirmative defenses, the Court rejects Mr. Childs' contention that any defenses not raised in the Preliminary Response are waived.

**A.    DUE PROCESS**

As noted above, Mr. Childs first claims that he has been denied due process in connection with the failure to release him on parole.  The United States Constitution guarantees due process only when a person is deprived of life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  Mr. Childs was not deprived of life or property when he was denied release on parole.  Therefore, his due process claim depends upon the existence of a constitutionally protected liberty interest.

The Court must examine the nature of the interest asserted to determine whether a constitutionally protected liberty interest exists.  *See Sandin v. Conner*, 515 U.S. 472, 480-84 (1995).  A prisoner is not entitled to any procedural protections in the absence of a grievous loss.  *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Generally, a liberty interest may arise from either the United States Constitution itself or state law.  *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998).  However, it is clear that the Constitution itself does not create a protected liberty interest

in a prisoner's release prior to the expiration of a valid sentence. *See Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam); *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

An examination of the parole scheme applicable to Mr. Childs demonstrates that he also does not have a constitutionally protected liberty interest that arises under Colorado state law. "For defendants serving sentences in Colorado for crimes committed on or after July 1, 1985, the [Parole] Board has unlimited discretion to grant or deny parole." *Mulberry v. Neal*, 96 F. Supp.2d 1149, 1150 (D. Colo. 2000); *see also Thiret v. Kautzky*, 729 P.2d 801, 805 (Colo. 1990); Colo. Rev. Stat. § 17-22.5-303(6). Mr. Childs is serving a sentence for crimes committed on June 1, 1986. (*See* Doc. # 15-1.) Therefore, the parole board's decision is discretionary under state law and does not give rise to a constitutionally protected liberty interest. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009) (reaffirming that "a federal liberty interest in parole only arises when a prisoner has a legitimate claim of entitlement to it" and that "the mere existence of a purely discretionary parole authority creates no entitlement and, therefore, no concomitant federal due process interest"). Mr. Childs' conclusory assertion that "Colorado['s] Parole statute created an expectation of release which entitles Applicant to some measure of constitutional protection" (Doc. # 16 at 5) does not alter this conclusion.

To summarize, the denial of discretionary parole does not implicate a constitutionally protected liberty interest that arises under either the Constitution or state law. As a result, Mr. Childs is not entitled to any procedural protections prior to being denied parole and the procedural due process claim he asserts based on the failure to release

him on parole lacks merit and must be dismissed.  To the extent the Application could be construed as raising a substantive due process claim, the Court notes that such a claim also fails in the absence of a constitutionally protected liberty interest.  *See Parker v. Sirmons*, 152 F. App'x 705, 708 (10th Cir. 2005) (noting that "the majority of other circuits to address the question have found that the requirement of a state-created liberty interest is the threshold requirement for any due process claim – whether substantive or procedural.").

      Even assuming the denial of Mr. Childs' parole application did implicate a constitutionally protected liberty interest, judicial review is narrow because "parole determinations inherently do not lend themselves to concrete and identifiable standards."  *Schuemann v. Colo. State Bd. of Parole*, 624 F.2d 172, 174 (10th Cir. 1980).  "[T]he district court reviews the Parole Board's action for abuse of discretion, asking whether the Board's action resulted in an abridgement of the petitioner's constitutional rights."  *Wildermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir. 1998); *see also Schuemann*, 624 F.2d at 173 (stating that a court "may review [a] decision of the parole board to determine if it was arbitrary, capricious or an abuse of discretion."). The parole board's decision regarding whether to release an inmate is "subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release."  *Greenholtz*, 442 U.S. at 9-10.  The Court's "inquiry is only whether there is a rational basis in the record for [the Parole Board's] conclusions embodied in its statement of reasons."  *Mulberry*, 96 F. Supp.2d at 1151.  "So long as there was sufficient evidence

before the Parole Board to support its decision, its actions are not an abuse of discretion." *Id.*

Mr. Childs first argues that the parole board failed to follow mandatory language in Colorado Revised Statutes § 17-2-201(4)(a) and (III)(e).  The specific portion of § 17-2-201(4)(a) to which Mr. Childs refers directs the parole board to reconsider granting parole each year after a person is denied parole.  (*See* Doc. #16 at 4.)  However, the record before the Court demonstrates that the parole board has considered Mr. Childs' application for parole each year since he became eligible for parole in 2009.  (*See* Doc. ## 15-2 thru 15-6.)  Therefore, Mr. Childs' argument based on § 17-2-201(4)(a) does not demonstrate he is entitled to any relief or that his constitutional rights have been violated in any way.

Mr. Childs also asserts that the parole board failed to comply with mandatory statutory language that requires inmates convicted of a class two felony sexual assault to participate in a sex offender treatment program as a condition of parole.  The specific statutory section on which Mr. Childs relies in support of this argument is not clear because the citation he provides, § 17-2-201(III)(e), is incorrect.  Instead, Mr. Childs apparently is referring to § 17-2-201(5)(e), which provides as follows:

> As a condition of parole of every person convicted of the class 2 felony of sexual assault in the first degree under section 18-3-402(3), C.R.S., for an offense committed prior to November 1, 1998, the board shall require that the parolee participate in a program of mental health counseling or receive appropriate treatment to the extent that the board deems appropriate to effectuate the successful reintegration of the parolee into the community.

Colo. Rev. Stat. § 17-2-201(5)(e).  Although his argument is not entirely clear, Mr. Childs apparently contends that this statutory language means he is not required

to participate in a sex offender treatment program as a prerequisite to being released on parole because he has not been convicted of a class two felony sexual assault. As noted above, a need for sex offender treatment was listed as one of the reasons for denying Mr. Childs release on parole in 2010 and 2011. (*See* Doc. ## 15-3 & 15-4.)

There is no indication in the record before the Court that Mr. Childs has been convicted of a class two felony sexual assault. Instead, the record demonstrates that Mr. Childs was convicted of a class three felony sexual assault. (*See* Doc. # 15-1.) However, there also is no indication that the parole board determined Mr. Childs was convicted of a class two felony sexual assault or treated him as if he was. (*See* Doc. ## 15-2 thru 15-6.) In any event, it is not clear how statutory language regarding imposition of sex offender treatment as a condition of parole, that is, while serving parole, is relevant to the parole board's determinations in 2010 and 2011 that Mr. Childs needed to participate in sex offender treatment prior to being released on parole. Therefore, the Court finds that the statutory language requiring sex offender treatment as a condition of parole does not demonstrate Mr. Childs is entitled to any relief or that his constitutional rights have been violated in any way.

Mr. Childs next argues that the parole board's reliance on violence and sexual violence as risk factors was arbitrary because "[t]he record does not support the board[']s allegations of violence and sexual violence in this case such as a crime of violence conviction under C.R.S. 16-11-309 involving serious bodily injury caused to the victim or the use of a deadly weapon in the commission of a crime." (Doc. # 16 at 6.) As noted above, the parole board denied Mr. Childs' parole application in May 2012

because of risk considerations that include the severity/circumstances of his offenses, violence, and sexual violence. (*See* Doc. # 15-6.)

Although the parole board's explanation in the notice of action is terse, there is no question that the nature of the crimes committed and the potential danger an inmate poses are proper factors for consideration by the parole board. *See Schuemann*, 624 F.2d at 174. Furthermore, "[i]t would be discordant to require unduly specific and detailed reasons from a Board vested with a subjective, predictive, and experimental function." *Id.* In any event, even if the parole board improperly determined Mr. Childs poses a risk of violence and sexual violence, Mr. Childs still fails to demonstrate he is entitled to relief because the parole board also relied on the nature of his offenses to deny parole. "'[W]here the denial of parole . . . rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right.'" *Wildermuth*, 147 F.3d at 1236 (quoting *Bloodgood v. Garraghty*, 783 F.2d 470, 475 (4th Cir. 1986)). As a result, the Court finds that Mr. Childs fails to demonstrate the parole board's decision was arbitrary or an abuse of discretion.

**B.    EQUAL PROTECTION**

Finally, the Court finds that the equal protection claim Mr. Childs asserts in this action also lacks merit. To reiterate, Mr. Childs argues that he has been treated differently than other inmates serving sentences for multiple crimes and he specifically cites the case of *Thiret v. Kautzky*, 792 P.2d 801 (Colo. 1990), in his Reply in support of the equal protection argument. As the Court understands the underlying basis for the equal protection claim, Mr. Childs apparently contends that the parole board may not consider the facts and circumstances of his sexual assault conviction, for which he was

sentenced to 16 years in prison, because he has served more than sixteen years in prison and, thus, the only remaining offense for which he is serving a sentence is second degree burglary. Mr. Childs apparently believes that the Colorado Supreme Court's decision in *Thiret* supports his equal protection claim because Thiret also was serving multiple sentences. More specifically, Thiret was sentenced to 10 years in prison for attempted murder and a concurrent term of four years in prison for sexual assault on a child. *See Thiret*, 792 P.2d at 803. Under Colorado law, Thiret was entitled to mandatory parole with respect to the attempted murder offense but parole was discretionary with respect to the sexual assault offense. *See id.* The Colorado Supreme Court determined that Thiret's 10-year sentence for attempted murder was the governing sentence because it was longer and that the mandatory parole provisions applicable to the attempted murder sentence "logically govern parole under this concurrent sentence." *Id.* at 808.

The Court finds that Mr. Childs' equal protection claim lacks merit because he fails to demonstrate he has been treated differently than any inmate who is similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). With respect to the Colorado Supreme Court's decision in *Thiret*, Mr. Childs fails to recognize that the sentences he is serving, unlike the sentences Thiret was serving, are consecutive sentences. (*See* Doc. # 15-1.) Under Colorado law, Mr. Childs' consecutive sentences must be construed as one continuous sentence. *See* Colo. Rev. Stat. § 17-22.5-101. Thus, Thiret is not a similarly situated inmate and any discussion regarding the governing

sentence in *Thiret* does not apply to the consecutive sentences Mr. Childs is serving. As a result, the equal protection claim also lacks merit and must be dismissed.

## IV. **CONCLUSION**

In summary, the Court finds that Mr. Childs is not entitled to any relief and the Application will be denied. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1) is DENIED and this case is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED: January __31__, 2013

BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge